ROCKWOOD SPRINKLER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14937.   Promulgated September 19, 1928.

*Merrill S. June, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, for the respondent.

394

OPINION.

LANSDON: There is no controversy over the facts here involved. The parties agree that, if the respondent has any authority to assert a deficiency against the petitioner for 1920, the correct amount thereof is $3,290.85. The petitioner contends that inasmuch as the original consolidated return was made by the Massachusetts corporation, and the tax shown thereon paid by it, and that as the information return made by the petitioner included no direction as to the apportionment of the tax, the Commissioner was fully advised that there was an agreement between the two members of the affiliated group that all taxes for the year in question were to be paid by the Massachusetts corporation. If this contention is sound it follows that any deficiencies determined as to the group should be asserted and assessed against such Massachusetts corporation under the plain provisions of section 240 (b) of the Revenue Act of 1921, which is as follows:

In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. * * *

In our opinion the evidence adduced, the law cited by the petitioner, and the reasoning of its counsel based thereon do not support the contention on which this proceeding is based. Even if it is the duty of the Commissioner to ascertain whether there is an agreement providing for the apportionment of the tax among the members

of an affiliated group, it is obvious that the failure of the petitioner to make the statement asked for in paragraph 7 of Form 1122 left the Commissioner without such information. Apparently the petitioner relies on an assumption that failure to indicate apportionment in percentages or amounts raises a conclusive presumption that all the tax was to be paid by the reporting member of the group. We do not agree with this conclusion. The Commissioner's assumption that in the absence of an agreement that all the tax was to be paid by the Massachusetts corporation, it follows that the tax liability shall be assessed on the basis of the proportional income of each of the reporting corporations, is at least equally as valid as the presumption relied on by the petitioner.

The petitioner here is a taxpayer. The amount of the deficiency is not in controversy and the sole issue is whether it was within the authority of the Commissioner to assert it by the procedure adopted. Section 274 (a) of the Revenue Act of 1926, under which this proceeding was initiated, provides that " If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency by registered mail." All this has been done here, and we think that in the absence of any statement as to the proration of the tax as requested in paragraph 7 of Form 1122, the deficiency, now agreed as to amount, was properly asserted against this petitioner under the provisions of section 240 (b) of the Revenue Act of 1921. *Cincinnati Mining Co.*, 8 B. T. A. 79.

Reviewed by the Board.

*Decision will be entered for the respondent.*